| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| JaVonne M. Phillips, Esq. SBN 187474<br>Mishaela J. Graves, Esq. SBN 259765<br>**McCarthy & Holthus, LLP**<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Phone (619) 685-4800<br>Fax (619) 685-4810<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without attorney* | **FILED & ENTERED**<br><br>FEB 17 2011<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY mcdonald DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>David Vega,<br><br><br><br><br><br>Debtor. | CHAPTER: 7<br>CASE NO.: 6:10-bk-49299-DS |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** |
| | DATE:   2/9/2011<br>TIME:   8:30am<br>CTRM:   304<br>PLACE: 3420 Twelfth Street, Riverside, CA |

**MOVANT: Residential Credit Solutions Inc., it assignees and/or successors**

1. The Motion was: ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):

   *Street Address:* 10 Water Lily Way
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Trabuco Canyon, CA 92679

Legal description or document recording number (including county of recording): 2005000429363, Orange County, California

   ☒ See attached page

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3)
   ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.  ☒  Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.  ☐  Annulled retroactively to the date of the bankruptcy petition filing.
   c.  ☐  Modified or conditioned as set forth in Exhibit  to this Order.

5.  ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501

6. Movant shall not conduct a foreclosure sale before the following date *(specify):* _____

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☒ transfer of all or part of ownership of, or interest in, the Property without the consent of the secured creditor or court approval.

   ☒ multiple bankruptcy filings affecting the property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

###

DATED: February 17, 2011

United States Bankruptcy Judge

# (*OPTIONAL*)
# EXTRAORDINARY RELIEF ATTACHMENT
# (MOVANT: <u>Residential Credit Solutions Inc., it assignees and/or successors</u>

*(This Attachment is the continuation page for Paragraph <u>  10 c  </u> of the foregoing Order.)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings, this court further orders as follows:

1. ☒ This Order is binding and effective in any bankruptcy case commenced by or against the Debtor(s) for a period of 180 days from the hearing of the Motion.

2. ☒ This Order is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ This Order is binding and effective in any bankruptcy case commenced by or against any debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ This Order is binding and effective in any future bankruptcy case, no matter who the debtor(s) may be
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☒ The Debtor(s) is/are hereby enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of the Motion except as may be authorized by further order of this Court, and any transfer in violation of this Order is void.

6. ☒ The Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☐ Other (*specify*):

## Legal Description

PARCEL 1:

Lot 20, Tract 15439, in the ~~City of Irvine~~, County of Orange, State of California, as per map recorded in Book 756, Page 6 to 17 of Miscellaneous Maps, in the office of the County Recorder of said County.

EXCEPT THEREFROM all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in instruments of record.

EXCEPT THEREFROM all water and subsurface water rights, without the right of surface entry, below a depth of 500 feet, as dedicated or reserved in instruments of record.

PARCEL 2:

Non-exclusive easements for access, ingress, egress, maintenance, repair, drainage, encroachment, support and for other purposes, all as described in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Coto De Caza ("Master Declaration") recorded March 5, 1984 as Instrument NO. 84-092424, and the Supplemental Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Southern Hills Encore in Coto De Caza ("Supplemental Declaration") recorded on March 9, 1998 as Instrument No. 1998-0130756, all in Official Records of Orange County, California.

Assessor's Parcel No: 755-081-20

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 (REAL PROPERTY)** was entered on the date indicated as -Entered- on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") -** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of      2/15/2011     , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

| UNITED STATES TRUSTEE | TRUSTEE | COUNSEL FOR MOVANT |
|---|---|---|
| ustpregion16.rs.ecf@usdoj.gov | Robert L Goodrich (TR) | McCarthy & Holthus, LLP |
| | office@rlgoodrichlaw.com | bknotice@mccarthyholthus.com |

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:**
A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

DEBTOR
David Vega
1051 N Evaline Ct
Rialto, CA 92376

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an -Entered- stamp, the party lodging the judgment or order will serve a complete copy bearing an -Entered- stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page